**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WILLIAM NORRIS,

        Plaintiff,

v.                                                                                            Case No. 6:14-cv-1512-Orl-37KRS

LAKE CONWAY LANDSCAPING OF
ORLANDO; BILL PRIEST; and KEVIN
CARMEAN,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Notice of Removal of Action (Doc. 1), filed September 16, 2014;

2. Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. 17), filed October 7, 2014; and

3. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. 18), filed October 14, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

**BACKGROUND**

Plaintiff initiated this action against Defendants Lake Conway Landscaping of Orlando, Bill Priest, and Kevin Carmean, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. (Doc. 2.) Plaintiff alleges that Defendants are liable to him for: (1) terminating his employment in violation Florida's Private Sector Whistle Blower Act, § 448.102 ("Count One"); (2) retaliating against him in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") ("Count Two"); (3) failing

to pay Plaintiff overtime wages in violation of the FLSA ("Count Three"); and (4) breaching an oral employment contract by failing to pay Plaintiff wages due to him ("Count Four"). (*Id.*) Arguing that this Court has subject matter jurisdiction over Counts Two and Three pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Counts One and Four pursuant to § 1367 (supplemental jurisdiction), Defendants filed a Notice of Removal in this Court on September 16, 2014. (Doc. 1.) Plaintiff moved to remand his state law claims (Doc. 17), and Defendants opposed (Doc. 18). The motion is now ripe for adjudication.

## STANDARDS

Federal law authorizes defendants to remove a state court action to a federal court if the action includes federal question claims that are joined with state law claims even if the state law claims are not subject to removal based on supplemental jurisdiction. *See* 28 U.S.C. §§ 1441(c); *see also* 28 U.S.C. § 1446(c)(2)(B). If the Court finds that it cannot exercise supplemental jurisdiction over claims that were removed with a federal claim, then the Court must sever the non-federal claim and "remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). The plaintiff may move for such relief, *see* 28 U.S.C. § 1447(c), and the removing party has the burden to establish the Court's jurisdiction by a preponderance of the evidence. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). All uncertainties concerning jurisdiction are resolved in favor of remand. *See id.*

## DISCUSSION

Plaintiff does not dispute that this Court may exercise federal question jurisdiction over his FLSA claims (Counts Two and Three). (Doc. 17.) Nonetheless, he argues that

the Court should decline to exercise supplemental jurisdiction over his breach of contract claim because: (1) it does not arise out of a common nucleus of operative facts with his FLSA claims; and (2) it will predominate over the FLSA claims. (*Id.*) Although Plaintiff concedes that his whistleblower claim is similar to his FLSA retaliation claim, he argues that differences concerning damages and causation provide "a basis for this Court not to exercise supplemental jurisdiction." (*Id.* at 6.) Plaintiff concludes that remanding his state law claims will reduce delay and jury confusion that would result if his four claims were tried together. (*Id.* at 7.) Defendants counter that the Court should deny the Motion because Plaintiff's federal and state law claims arise out of a common nucleus of operative facts, and the "traditional rationales for pendent jurisdiction" weigh in favor of trying Plaintiff's claims together. (Doc. 18.)

The Court agrees with Defendants. Based on the allegations of fact set forth in the Complaint, it appears that all of Plaintiff's claims arise from a common nucleus of facts concerning his employment, his entitlement to certain wages, and Defendants' termination of his employment. (Doc. 1.) Further, Plaintiff has not persuaded the Court that his state law claims raise novel or complex issues of state law or predominate over the FLSA claims. *See* 28 U.S.C. § 1367(c); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743–44 (11th Cir. 2006). Finally, the Court finds that convenience, fairness, and judicial economy would be disserved if the parties were required to litigate Plaintiff's claims before two different courts. *See Parker*, 468 F.3d at 745–46 (holding that district court abused its discretion when it dismissed supplemental jurisdiction claim absent a persuasive showing under § 1367(c)).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. 17) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 22, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record