**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WILLIAM NORRIS,

Plaintiff,

v. Case No. 6:14-cv-1512-Orl-37KRS

LAKE CONWAY LANDSCAPING OF ORLANDO, INC.; BILL PRIEST; and KEVIN CARMEAN,

Defendants.

---

## ORDER

This cause is before the Court on the Joint Motion for Approval of Settlement and Memorandum of Law in Support (Doc. 31), filed May 19, 2015.

## BACKGROUND

Plaintiff initiated this action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, asserting the following claims against his former employers: (1) a Florida Whistle Blower Act claim (Count One); (2) a retaliation claim under the FLSA (Count Two); (3) a FLSA overtime wages claim (Count Three); and (4) an unpaid wages claim under state law (Count Four). (Doc. 2.) Defendants removed the action to this Court on September 16, 2014 (Docs. 1, 15, 19), and Plaintiff filed responses to the Court's Interrogatories on October 28, 2014 (Doc. 21).

Plaintiff contends that, from November 12, 2013 to June 4, 2014, Defendants paid him $1,057.69 each week for fifty hours of work supervising landscape and irrigation crews on large roadway projects. (*See* Doc. 21, pp. 2–3; *see also* Doc. 31-1, p. 1.)

According to Plaintiff, this compensation "equated to a constructive hourly rate of $21.15 per hour," and Defendants owed him: (1) $31.73 per hour for 396 hours that Defendants required Plaintiff to work without compensation in excess of fifty hours per week—including 84 hours supervising night water crews; (2) $10.57 per hour for 190 hours that Defendants required Plaintiff to work in excess of fifty hours per week at his regular rate of $21.15 per hour; and (3) $1,025.78 per week for nine weeks that Plaintiff did not work after Defendants unlawfully terminated Plaintiff in retaliation for his assertion of FLSA rights. (*See id*.) In total, Plaintiff claimed that Defendants owed him **$47,614.60**—which consisted of $9,232.02 in back pay, $14,575.28 in unpaid overtime wages, and $23,807.30 in liquidated damages. (*Id.* at 2–3.)

Defendants denied liability and asserted numerous affirmative defenses—including that 29 U.S.C. § 213(b)(3) exempted Plaintiff's employment from FLSA's overtime provisions. (*See* Doc. 7, p. 3; *see* Doc. 31-1, p. 1.) Alternatively, Defendants asserted that Plaintiff's calculations of the hours he worked and his regular rate of pay were contrary to various statutory and regulatory provisions of the FLSA. (*See* Doc. 7, pp. 2–3; Doc. 31, p. 5.) On November 24, 2014, the parties notified the Court that they would litigate their disputes after unsuccessfully exhausting all settlement efforts. (*See* Doc. 23; *see also* Doc. 31, p. 2 (advising that the parties "conducted discovery" regarding various issues).) More than five months later, the parties reached a settlement after participating in a court-mandated mediation conference. (*See* Doc. 29.) The parties then filed a copy of their settlement agreement with the Court (Doc. 31-1 ("Agreement")) as an exhibit to their joint motion for approval of the Agreement (*see* Doc. 31). Thus, the matter is ripe for a fairness review of the Agreement.

## LEGAL STANDARDS

Congress enacted the Fair Labor Standards Act ("FLSA") to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352.

In actions for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before entering a stipulated judgment. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013); *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (noting that district courts are afforded discretion in deciding whether to approve an FLSA settlement). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a *bona fide dispute* over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355 (emphasis added). The Court also must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

## DISCUSSION

The Agreement indicates that Plaintiff will receive $5,000.00 in unpaid wages and back pay, and $14,750.00 for other damages—including liquidated damages—and

Defendants will pay the "entire cost of mediation." (*See* Doc. 31, p. 2; Doc. 31-1, p. 2.) This is a significant compromise from the $47,614.60 that Plaintiff claimed he was owed in response to the Court's Interrogatories. (*See* Doc. 21.) Although not explicitly described in the Agreement (*see* Doc. 31-1),[1] the record reveals sufficient bona fide disputes concerning FLSA provisions (such as the § 213(b)(3) exemption and rate of Plaintiff's pay) to justify Plaintiff's apparent compromise as fair and reasonable (*see* Doc. 31, p. 4). This finding is buttressed by the facts that Plaintiff was represented and counseled by experienced attorneys, he obtained discovery from Defendants, resolution of the action after trial is uncertain, and a well-respected mediator assisted the parties in reaching their settlement. (*See* Doc. 31, pp. 4–5 (noting that the parties engaged in full discovery, including four depositions); *see also* Doc. 31-1, p. 3.) Finally, the Court is satisfied by the parties' stipulation concerning the reasonableness of the attorney's fees that Defendants will pay to Plaintiff's counsel under the Agreement—$ 17,750.00. (*See* Doc. 31, p. 5.) Because the terms of the Agreement are fair and reasonable, the Agreement is due to be approved in accordance with the policy of encouraging settlement in litigation.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the:

(1) Joint Motion for Approval of Settlement and Memorandum of Law in Support (Doc. 31) is **GRANTED**.

(2) The parties' settlement agreement (Doc. 31-1) is **APPROVED**.

[1] Rather than detail their disputes, the parties indicate in the Agreement that their settlement does *not* reflect a compromise because Plaintiff "represents and acknowledges" that the settlement amount is "more than payment in full" for his claims. (*See* Doc. 31-1, p. 2.)

(3) In accordance with this Order and the terms of the parties' settlement agreement (Doc. 31-1), the Clerk is **DIRECTED** to enter judgment in favor of Defendants.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 10, 2015.




ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record